FILED

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA

2016 DEC 19 PM 4:43

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

CASE NO.
6:16-CV-2171-ORL-31-KRS

COLLECTIVE ACTION

CHRISTINA DEJKUNCHORN, JESSICA
SAMUEL, TIA COLLINS, VINCENT
JOHNSTON, AND OTHERS SIMILARLY
SITUATED,

   Plaintiffs,

v.

TRUSTCO BANK, A FEDERAL SAVINGS
BANK,

   Defendant.
_____/

## COMPLAINT

  Plaintiffs, Christina Dejkunchorn ("Dejkunchorn"), Jessica Samuel ("Samuel"), Tia Collins ("Collins"), and Vincent Johnston ("Johnston") (sometimes collectively referred to as "Plaintiffs"), on behalf of themselves and others similarly situated, sue the Defendant, Trustco Bank, a Federal Savings Bank, (hereinafter referred to as "Trustco Bank") in this collective action pursuant to 29 U.S.C. §216(b) and state as follows:

### The Parties

  1. The Plaintiff, Dejkunchorn, is *sui juris*, a resident of Volusia County, Florida and a citizen of the United States of America.

  2. The Plaintiff, Samuel, is *sui juris*, a resident of Orange County, Florida, and a citizen of the United States of America.

3. The Plaintiff, Collins, is *sui juris* and a resident of Orange County, Florida, and a citizen of the United States of America.

4. The Plaintiff, Johnston, is *sui juris* and a resident of Orange County, Florida, and a citizen of the United States of America.

5. The Defendant, Trustco Bank, is a federal savings bank maintaining approximately fifty-one (51) branches in the State of Florida.

## Jurisdiction And Venue Allegations

6. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, inasmuch as this action seeks damages, interest, attorney's fees and costs pursuant to Title 29 of the United States Code, the "Fair Labor Standards Act of 1938" (hereinafter referred to as the "FLSA").

7. Venue is proper in this Court in that virtually every branch where Trustco Bank conducts business in the State of Florida is located in the Middle District of Florida.

## General Allegations

8. Trustco Bank is an "employer" as that term is defined in 29 U.S.C. §203(d).

9. Dejkunchorn was an "employee" of Trustco Bank, as that term is defined in 29 U.S.C. §203(e)(1). Dejkunchorn worked for Trustco Bank from November 4, 2013 until May 16, 2016 in various capacities, including but not limited to teller, floating teller, and permanent head teller.

10. Samuel was an "employee" of Trustco Bank, as that term is defined in 29 U.S.C. §203(e)(1). Samuel worked for Trustco Bank from December 11, 2011 until May 16, 2016 in various capacities, including but not limited to part-time teller, full-time traveling teller, and teller manager.

11. Collins was an "employee" of Trustco Bank, as that term is defined in 29 U.S.C. §203(e)(1). Collins worked for Trustco Bank from November 19, 2012 until February 18, 2016 in various capacities, including but not limited to teller, floating teller, and permanent head teller.

12. Johnston was an "employee" of Trustco Bank, as that term is defined in 29 U.S.C. §203(e)(1). Johnston worked for Trustco Bank from November 2014 until March 2016 in various capacities, including but not limited to teller, assistant manager, floating manager, and covering manager.

13. The Plaintiffs were "employed" by Trustco Bank as that term is defined in 29 U.S.C. §203(g).

14. The Plaintiffs, as employees of Trustco Bank, are not included in any of the exemptions set forth in 29 U.S.C. §213.

### Violation Of 29 U.S.C. §207(a)(1)

15. 29 U.S.C. §207(a)(1) states:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

16. Trustco Bank, through its employment of the Plaintiffs and by virtue of the duties they were required to carry out under their respective job descriptions, effectively caused the Plaintiffs to be employed for workweeks longer than forty hours, without providing compensation at a rate not less than one and one-half times the regular rate at which they were employed.

17. Among the violations of the FLSA committed by Trustco Bank with respect to the Plaintiffs and other similarly situated employees were (i) failing to include "opening" and "closing"

time in the calculation of the forty hours contemplated in 29 U.S.C. § 207(a)(1); (ii) requiring employees to utilize their lunch break for the purpose of traveling from one branch location to a different branch location without including that time in the calculation of the forty hours contemplated in 29 U.S.C. § 207(a)(1); (iii) requiring employees to work through their lunch break without including that time in the calculation of the forty hours contemplated in 29 U.S.C. § 207(a)(1); (iv) manipulating Trustco Bank's time-keeping system to prevent employees from accruing in excess of forty hours in any given work week.

18. Trustco Bank violated 29 U.S.C. §207 by its failure to compensate Dejkunchorn and others for overtime in the form of "opening" time. Specifically, "opening" time is that time, preceding regular business hours at a Trustco Bank branch, where the employee is required to appear at the branch where he or she is employed for the purpose of preparing the branch for daily operations.

19. Trustco Bank violated 29 U.S.C. §207 by its failure to compensate Johnston and others for overtime in the form of "closing" time. Specifically, "closing" time is that time, following regular business hours at a Trustco Bank branch, where the employee is required to remain at the branch where he or she is employed for the purpose of shutting down from daily operations.

20. Trustco Bank violated 29 U.S.C. §207 by its failure to compensate Johnston and others for overtime in the form of the utilization of their lunch break for the express purpose of traveling between different branches of Trustco Bank. Specifically, Johnston and others were directed to travel from one branch location to another branch location during their lunch break. Notwithstanding that the lunch break was used for the purpose of their employment and not for their

lunch, the established lunch break time was deducted from the calculation of their weekly hours worked.

21. Trustco Bank violated 29 U.S.C. §207 by manually altering the time records of Johnston, Collins, Samuel, and others in such a manner as to avoid the accrual of more than forty hours of work time in any given week. The purpose of this manipulation of time records was for the express purpose of avoiding the payment of overtime.

22. Trustco Bank's violations of 29 U.S.C. §207, as detailed herein above, lacked the requisite good faith and were not based upon any reasonable grounds.

23. The actions of Trustco Bank are and were violative of 29 U.S.C. §207(a)(1) and entitle the Plaintiffs to be paid their proper overtime compensation and liquidated damages pursuant to the provisions of 29 U.S.C. §216(b).

24. The Plaintiffs have retained the undersigned attorneys to represent them in this matter and have agreed to pay said attorneys a reasonable fee for their services.

25. Trustco Bank is liable for the Plaintiffs' reasonable attorney's fees pursuant to 29 U.S.C. §216(b).

WHEREFORE, the Plaintiffs, on behalf of themselves and other similarly situated individuals who, after notice, elect to opt-into this proceeding, demand judgment against Trustco Bank for all unpaid overtime compensation, liquidated damages in an equal amount, together with the costs of this action and reasonable attorney's fees.

### Demand for Jury Trial

Plaintiffs request a trial by jury on all issues raised in this action triable by jury as a matter of right.

Dated: December 13th, 2016.

Dejkunchorn, et al. v. Trustco Bank

 

CHARLIP LAW GROUP, LC
*Counsel for Plaintiffs*
11900 Biscayne Blvd., Suite 200
North Miami, Florida 33181
Tel:   (305) 354-9313
Fax:   (305) 354-9314
Email: dcharlip@charliplawgroup.com

By: _____
David H. Charlip, B.C.S.
Florida Bar No.: 329932