IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTINA DEJKUNCHORN, JESSICA
SAMUEL, TIA COLLINS, VINCENT
JOHNSTON, AND OTHERS SIMILARLY
SITUATED,

    Plaintiffs,

v.   Case No. 6:16-cv-02171-GAP-KRS

TRUSTCO BANK, A FEDERAL SAVINGS
BANK,

    Defendant.
_____/

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND MOTION TO DISMISS THE CASE WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW

Plaintiffs, CHRISTINA DEJKUNCHORN, JESSICA SAMUEL, TIA COLLINS, AND VINCENT JOHNSTON, (collectively "Plaintiffs") and Defendant, TRUSTCO BANK ("Defendant") jointly request that this Court approve the Parties' settlement of the above-captioned matter, and in support thereof state as follows:

1. Plaintiffs and Defendant have entered into an agreement to resolve Plaintiffs' claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* A copy of the settlement agreement between and among the Parties (the "Agreement") is attached as **Exhibit A**. The parties have reviewed the Settlement Agreement and agree to execute it and be bound by its terms upon approval by the Court.

2. The parties acknowledge the Court's interest in reviewing the terms of the parties' settlement pursuant to *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982),

including, without limitation, that the settlement is a "fair and reasonable resolution of a bona fide dispute."

3. The parties agree that the Agreement is a fair and reasonable compromise. The essential terms of the Agreement were reached as an arms-length compromise in multiple settlement conferences. There was no undue influence, overreaching, collusion, or intimidation in reaching a resolution.

WHEREFORE the Parties respectfully request that the Court review the Agreement and, upon due consideration, enter an Order finding that the Agreement is fair and reasonable under the circumstances, approve the Agreement, and dismiss the above-captioned matter **_WITH PREJUDICE._**

## MEMORANDUM OF LAW

There are two ways in which claims raised under the FLSA can be settled and released by employees. First, Section 216(c) of the FLSA permits employees to settle and waive claims under the FLSA if the payment of unpaid wages is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c); *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, in the context of a private lawsuit filed by an employee for back wages under the FLSA, the district court may enter a stipulated judgment approving the fairness of a settlement agreement between the employer and the employee. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 113 n. 8 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947).

The Eleventh Circuit has detailed the circumstances justifying court approval of an FLSA settlement as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of

2

> the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

Here, the parties' settlement arises out of an action brought by Plaintiffs against their former employer, which was adversarial in nature. Plaintiffs claimed that they were owed unpaid overtime. Defendant claimed Plaintiffs had been fully paid for all time worked.

Throughout this litigation and the negotiation of the Agreement, the parties were both represented by experienced counsel. They exchanged information related to the claims and defenses and undertook arms-length settlement negotiations. The Agreement reached thereafter reflects a reasonable compromise over these disputed issues.

The total settlement Defendant has agreed to pay to settle all claims raised by Plaintiffs and any legal fees and costs due their attorneys, is Forty One Thousand and 00/100 ($41,000.00) Dollars.

Of that amount, <u>each</u> Plaintiff has agreed to accept a total amount of Three Thousand, Seven Hundred Fifty and 00/100 ($3,750.00) Dollars representing alleged unpaid overtime. Although Defendant denies liability, it was estimated that each Plaintiff's damages were no more than $3,750.00. Defendant has denied any liability for liquidated damages. The parties agree that $3,750.00 is fair and reasonable compensation to each Plaintiff because Defendant has

compromised its position on liability, and Plaintiffs have compromised their positions on liquidated damages.

Plaintiff's counsel will receive Twenty Six Thousand, Five Hundred and 00/100 ($26,500.00) Dollars for attorneys' fees and costs, which the parties agree is a reasonable amount in this case. Consistent with the decision in *Bonetti v. Embarq. Mgmt. Co.,* 715 F. Supp.2d 1222 (M.D. Fla. 2009), the parties negotiated Plaintiffs' recovery and attorneys' fees and costs separately. The parties negotiated Plaintiffs' recovery and attorneys' fees and costs separately, <u>and without regard to the amount paid to Plaintiffs, and Plaintiffs' counsel reduced their fees and costs.</u>

## Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement between the Parties, and dismiss the instant action with prejudice.

RESPECTFULLY SUBMITTED, this 21st day of June, 2017.

/s/ Jeffry R. Jontz
Jeffry R. Jontz
Florida Bar No.: 133990
Attorney for Defendant Trustco Bank
Fishback, Dominick, Bennett, Ardaman
Ahlers, Langley & Geller LLP
1947 Lee Road
Winter Park FL 32789
Phone: 407-262-8400
Fax: 407-647-262-8402
Email: jjontz@fishbacklaw.com

/s/ David H. Charlip
David H. Charlip, Esq., B.C.S.
Florida Bar No.: 329932
Attorney for Plaintiffs
Charlip Law Group, LC
11900 Biscayne Blvd.
Suite 200
North Miami, FL 33181
Phone: (305) 354-9313
  Fax: (305) 354-9314
Email: dcharlip@charliplawgroup.com

/s/ Ortavia Simon
Ortavia D. Simon, Esq.
Florida Bar No.:
Co-Counsel for Plaintiffs
**SIMON LAW GROUP, PA**
13790 Bridgewater Crossings Blvd., #1080
Windermere, FL 34786
Tel: (407) 622-5090

Fax: (407) 583-4185
Email: simonlawg@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of June, 2017, a true and correct copy of the foregoing has been furnished electronically via CM/ECF to all CM/ECF participants or by US. First Class Mail, postage prepaid, to David H. Charlip, B.C.S., Charlip Law Group, LC, 11900 Biscayne Boulevard, Suite 200, North Miami, Florida 33181 [dcharlip@charliplawgroup.com] [paralegal@charliplawgroup.com] and Octavia Simon, Esquire, Simon Law Group, P.A., 13790 Bridgewater Crossings Blvd., #1080, Windermere, Florida 34786 [simonlawg@gmail.com].

/s/ Jeffry R. Jontz
JEFFRY R. JONTZ
Florida Bar No. 133990
ERIC B. JONTZ
Florida Bar No. 64905
FISHBACK, DOMINICK, BENNETT,
   ARDAMAN, AHLERS, LANGLEY &
   GELLER LLP
1947 Lee Road
Winter Park, Florida 32789-1834
Telephone:  (407) 262-8400
Facsimile:   (407) 262-8402
Primary Email:       jjontz@fishbacklaw.com
                     ejontz@fishbacklaw.com
Secondary Email:  dbandemer@fishbacklaw.com

Attorneys for Defendant, TRUSTCO BANK

S:\JRJ\Clients\Trustco Bank - Dejkunchorn, Christina & others - Fair Labor Standards Act Lawsuit T400-27006\Pleadings\Motion for Approval of Settlement.docx

## AGREEMENT AND RELEASE OF CLAIMS

This Agreement and Release of Claims (hereinafter referred to as the "Agreement") is entered into by and between CHRISTINA DEJKUNCHORN, JESSICA SAMUEL, TIA COLLINS, AND VINCENT JOHNSTON, on behalf of themselves, their heirs, executors, administrators, legal representatives and assigns (hereinafter referred to collectively as "Plaintiffs") and TRUSTCO BANK, its officers, employees, agents, and insurers, (hereinafter referred to as the "Bank"). Throughout this Agreement, the Plaintiffs and Bank shall also be referred to as the "Parties."

WHEREAS, there currently exists a dispute between Plaintiffs and Bank alleging unlawful employment practices in violation of the Fair Labor Standards Act, 29 U.S.C. § 216(b); and

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, the Parties stipulate and agree as follows:

1. The Bank agrees to pay Plaintiffs the total amount of Forty One Thousand and 00/100 ($41,000.00) Dollars, with payment being made within twenty (20) days after court approval of the Agreement.

    a. $3,750.00 each for allegedly unpaid overtime, less taxes and other payroll related deductions, made payable to Plaintiffs, for a total to Plaintiffs of $15,000.00. Deductions for each Plaintiff shall be in accordance with Composite Attachment 1.

    b. $26,500.00 made payable to Charlip Law Group, LLC and Simon Law Group, P.A, jointly and severally, as counsel for Plaintiffs, representing attorneys' fees and costs.

2. Other than the express rights and obligations set forth in this Agreement, and in consideration of the provisions, promises, terms and conditions of this Agreement, Plaintiffs hereby UNCONDITIONALLY, FULLY, AND FINALLY RELEASE AND FOREVER DISCHARGE TRUSTCO BANK from any and all duties, claims, rights, complaints, charges, damages, costs, expenses, attorneys' fees, debts, demands, actions, obligations, and liabilities, related to wages and compensation (i.e. minimum wages, overtime, and compensable time), including, but not limited to, any claims under the Fair Labor Standards Act; the Portal-to-Portal Act; the Florida Constitution; and the Florida Minimum Wage Act, Fla. Stat. 448.110 that CHRISTINA DEJKUNCHORN, JESSICA SAMUEL, TIA COLLINS, AND VINCENT JOHNSTON, ("Plaintiffs") have, or may have, and/or could have against TRUSTCO BANK through the present date (herein the "Released Claims").

3. Plaintiffs agree and acknowledge that the amount set forth in Paragraph 1(a) of this Agreement represents an agreement between CHRISTINA DEJKUNCHORN, JESSICA SAMUEL, TIA COLLINS, AND VINCENT JOHNSTON, ("Plaintiffs") and TRUSTCO BANK of payment due for any and all hours allegedly worked during their employment with Bank through the present date, they have no record to indicate that they have worked any additional

**EXHIBIT A**

hours, that they were paid at or in excess of minimum wage for all hours worked, and that the amounts payable under Paragraph (1) of this Agreement equal the maximum amount of recovery, including liquidated damages.

4. Plaintiffs agree and acknowledge that no other payaments related to this Agreement and/or the Released Claims are due and/or owed to them by Bank.

5. The parties agree to seek approval of this Agreement by motion in the U.S. District Court for the Middle District of Florida.

6. The Bank denies any liability in this matter, and this Settlement shall not act as any admission of fault. Further, in agreeing to this settlement, the Bank is not waiving any defenses to which they may have been entitled under the FLSA, or any other federal or state law, rule, or regulation.

7. Except as otherwise provided in paragraphs 1 of this Agreement, each party shall be responsible for payment of his or her own attorneys' fees and costs.

8. Plaintiffs represent and warrant that they are authorized to enter into this Agreement and that they have the authority to perform the terms of this Agreement. Plaintiffs represent and warrant that they have not sold, assigned, transferred, conveyed, or otherwise disposed of all or any portion of the Released Claims.

9. **Complete Integration of Agreement.** This Agreement is made without reliance upon any statement or representation of any party hereby released except those contained in this Agreement. This Agreement contains the entire understanding of the Parties and may not be modified. Any oral or written promises or assurances not contained in this Agreement are waived, abandoned, withdrawn, and without legal effect.

10. **Construction of Agreement.** The language of all parts of this Agreement shall be construed as a whole, according to its plain meaning, and not for or against the drafter.

11. **Enforcement and Venue.** Any breach of any term, provision, or obligation of this Agreement by any party shall entitle the other to seek enforcement of such term, provision, or obligation in a court of law of competent jurisdiction. It is expressly understood and agreed that this Agreement shall be governed by the law of the State of Florida, with exclusive venue for any action based upon any alleged breach of any term, provision, or obligation of this Agreement in Orange County, Florida.

12. **Specific Performance.** Should either party default in any material manner with respect to any term provision, or obligation set forth in this Agreement, the sole and exclusive remedy for the non-defaulting party shall be a suit for specific performance with the prevailing party receiving attorneys' fees and costs resulting thereform.

13. **Severability.** All warranties, representations, terms, conditions, covenants, agreements, and releases contained herein shall survive this Agreement. Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms, or provisions shall remain in full force and effect, and said invalid parts, terms or provisions shall be deemed not a part of this Agreement.

14. **Execution.** This Agreement may be executed in one or more counterparts, each of which shall be deemed to be an original, but all of which together shall constitute the same Agreement, and may be consummated by facsimile or electronically transmitted signatures.

15. **Acknowledgement.** The Parties, as signatories to this Agreement, acknowledge that they have read this Agreement, that they fully know, understand, and appreciate its contents, that they have been advised by or have had an opportunity to consult with their counsel regarding its contents, and that they execute the same and make promises provided herein voluntarily, with authority, and of their own free will.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates hereinafter appearing.

Signed, sealed and delivered
in the presence of:

Printed Name:_____        CHRISTINA DEJKUNCHORN

Printed Name:_____

STATE OF FLORIDA
COUNTY OF ORANGE

The foregoing was acknowledged, sworn to, and subscribed before me this ____ day of _____, 2017 by CHRISTINA DEJKUNCHORN who is personally known to me (or has produced _____ as identification) and who did take an oath.

Printed Name:
Notary Public - State of Florida
Commission No:
My Commission Expires:

3

Printed Name:_____          JESSICA SAMUEL

Printed Name:_____


STATE OF FLORIA
COUNTY OF ORANGE

    The foregoing was acknowledged, sworn to, and subscribed before me this ____ day of _____, 2017, by JESSICA SAMUEL, who is personally known to me (or has produced _____ as identification) and who did take an oath.

                                        Printed Name:
                                        Notary Public - State of Florida
                                        Commission No:
                                        My Commission Expires:


Printed Name:_____          TIA COLLINS

Printed Name:_____


STATE OF FLORIA
COUNTY OF ORANGE

    The foregoing was acknowledged, sworn to, and subscribed before me this ____ day of _____, 2017, by TIA COLLINS, who is personally known to me (or has produced _____ as identification) and who did take an oath.

                                        Printed Name:
                                        Notary Public - State of Florida
                                        Commission No:
                                        My Commission Expires:


Printed Name:_____          VINCENT JOHNSTON

4

Printed Name:_____

STATE OF FLORIDA
COUNTY OF ORANGE

      The foregoing was acknowledged, sworn to, and subscribed before me this ____ day of _____, 2017, by VINCENT JOHNSTON, who is personally known to me (or has produced _____ as identification) and who did take an oath.

                                Printed Name:
                                Notary Public - State of Florida
                                Commission No:
                                My Commission Expires:

                                TRUSTCO BANK

                                By_____
                                    Robert M. Leonard
                                Its Senior Vice President

Printed Name_____

Printed Name_____

STATE OF NEW YORK

COUNTY OF SCHNECTADY

      The foregoing was acknowledged, sworn to, and subscribed before me this ____ day of _____, 2017, by ROBERT M. LEONARD, SENIOR VICE PRESIDENT OF TRUSTCO BANK, who is personally known to me (or has produced _____ as identification) and who did take an oath.

                                Printed Name:
                                Notary Public - State of Florida
                                Commission No:
                                My Commission Expires:

S:\JRJ\Clients\Trustco Bank - Dejkunchorn, Christina & others - Fair Labor Standards Act Lawsuit T400-27006\Pleadings\AGREEMENT AND RELEASE OF CLAIMS.docx